Duane H. Gillman #1194
dgillman@djplaw.com
Patrick E. Johnson #10771
pjohnson@djplaw.com
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110
Telephone: (801) 415-3000
Facsimile:  (801) 415-3500
    Attorneys for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Bankruptcy Case Number |
|---|---|
| KENNETH RODERICK ANDERSON, | 10-31252 WTT |
| Debtor. | [Chapter 7] |

**NOTICE OF TRUSTEE'S INTENTION TO ABANDON PROPERTY
OF THE ESTATE, OPPORTUNITY FOR OBJECTION AND NOTICE OF HEARING**

**(Objection Deadline: April 26, 2013)
(Hearing Date: May 9, 2013, at 9:30 A.M.)**

**PLEASE TAKE NOTICE** that David C. West, trustee of the estate of the above-named debtor ("Trustee"), intends to abandon any interest the Debtor's bankruptcy estate may have in and to the following real property (the "Property") described in the Debtor's statements and schedules:

> FOLSOM LAKE PROPERTY: 34 acres of unimproved land located on Boulder Road, Granite Bay, CA 95746.  This land is bordered by Boulder Road, by the Los Lagos Equestrian Center, by the Los Lagos Sub Division and by the Folsom Lake State Park.  The land could be subdivided into between 8 to 15 building lots, depending upon the sizes of the lots.  The adjacent gated Los Lagos subdivision has lot sizes of approx. 1.4 acres.  The nearby Walden Woods subdivision has lot sizes of approx. 1 acre.  The nearby Eden Rock subdivision has lot sizes of approx. 2 to 2 1/2 acres.

    The unimproved property is located in the City of Granite Bay, County of Placer, State of California, and is further described as A.P N. 035410-011 & A.P.N. 035-300-095.

 The Trustee is proposing to abandon the estate's interest in the Property because there is little or no equity in the Property, and it is, therefore, of inconsequential value to the estate and burdensome to the administration of the bankruptcy estate. On April 18, 2012, the Trustee entered into a listing agreement with the Vollman Company, Inc. and real estate agent, Dan Mincher, and the Trustee obtained authorization from the Court to employ Mr. Mincher. Dkt. 306 & 310. Mr. Mincher diligently marketed the Property. On July 18, 2012, Mr. Mincher delivered to the Trustee of purchase contract whereby Purestone, Inc. offered to purchase the Property. The Trustee signed the purchase contract on July 24, 2012, and subsequently obtained approval from the Court to sell the Property. Dkt. 363. Purestone, Inc. failed to perform, and Mr. Mincher attempted to locate a new buyer.

 On December 13, 2013, Mr. Mincher delivered to the Trustee a purchase contract from a new buyer, Granite Bay Development II, Inc, who offered to purchase the Property. The Trustee signed the purchase contract on December 18, 2012, and subsequently obtained approval from the Court to sell the Property. Dkt. 397; *see* Docket Entry on Feb. 1, 2013. During the buyer's due diligence period, the buyer determined that site improvements to the land were extremely costly, such that the buyer determined that it could not profitably develop the land. The buyer, therefore, terminated the purchase contract according to the term of the agreement. In addition to the development costs, there were also unresolved issues relating to title exceptions by the title company.

 Projections from the sale of the Property to Granite Bay Development II, Inc. estimated

the sale would result in net proceeds to the bankruptcy estate of $17,334.67 after deducting real estate commissions, the secured creditor, property taxes, federal and state taxes, and other closing costs.  The projections assumed the sale would occur on February 28, 2013.  However, interest continues to accrue on the secured debt at rate of $170.83 per diem.  Therefore, if Mr. Mincher were able to quickly find a new buyer who believed the Property could be developed for much less than Granite Bay Development II, Inc., and if the closing of the sale could occur on June 30, 2013, or about 90 days, another $20,670.43 of interest will have accrued.  Under those ideal circumstances, there is no equity in the Property.  Moreover, there will be additional attorneys' fees to obtain court approval for the sale and accountants' fees to estimate proceeds of the sale and to include the sale in future tax returns.  There is also a risk that the closing costs and tax projections are incorrect or closing could be delayed.  Finally, the secured lender has been both cooperative and patient while the Trustee attempted to sell the Property.  If the secured lender were to file a motion for relief from the automatic stay, it would be difficult to defeat such a motion and the costs of doing so could exceed the projected net proceeds to the bankruptcy estate.

Complicating the Trustee's decision to abandon the Property is the fact that there is still interest in the Property.  In the short time since the transaction with Granite Bay Development II, Inc. failed, Mr. Mincher has already presented the Trustee with a Letter of Intent from a potential buyer of the Property at the Trustee's current asking price.  However, as described above, the offer is too low to pay additional interest that will accrue before closing.  A sale price of $1,300,000.00 would result in approximately $50,000.00 in proceeds for the estate, but the Trustee, or his agents, spoke with Mr. Mincher, who indicated that buyers may be unwilling to

pay a higher price for the Property.  In summary, the Trustee does not want to needlessly spend money of the estate but does not want to abandon property that is not of inconsequential value to the estate.

For the foregoing reasons, the Trustee proposes to abandon the estate's interests in the Property because there is no or negligible equity in the Property based upon the current asking price and amount owed to secured creditors.  It is, therefore, of inconsequential value to the estate and burdensome to the administration of the bankruptcy estate.  However, to add assurances to the Trustee's decision, the Trustee informed Mr. Mincher that Trustee will withdraw the abandonment if he receives an offer of $1,300,000.00 or greater prior to the deadline for objections indentified herein, assuming the offer is in the Trustee's sole discretion otherwise acceptable to him.

If you do not want the Trustee to abandon the Property then:

(1) on or before **April 26, 2013** you or your lawyer must file with the Bankruptcy Court a written objection to this Notice of Intent to Abandon Property explaining your position, at:

United States Bankruptcy Court
350 South Main Street, Room 301
Salt Lake City, UT 84101

If you mail your objection to the Bankruptcy Court for filing you must mail it early enough so that the Court will receive it on or before **April 26, 2013**. You must also mail a copy to the undersigned counsel at:

DURHAM JONES & PINEGAR
Patrick E. Johnson
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110

(2) attend the hearing on the Notice of Intent to Abandon Property which is set for **May 9, 2013, at 9:30 a.m. MDT** before the Honorable William T. Thurman, in Courtroom 2B , 5th District Court,  206 West Tabernacle, St. George, Utah 84770.  Failure to attend the hearing will be deemed a waiver of your objection.

If you or your attorney do not take these steps, the Bankruptcy Court may decide that you do not oppose the Trustee's Notice of Intent to Abandon Property.  In the absence of a timely filed objection, the undersigned counsel may and will ask the Court to strike the hearing, and the Trustee's Notice of Abandonment of the Property without hearing.

DATED this 2nd day of April, 2013.

  /s/ Patrick E. Johnson
Duane H. Gillman
Patrick E. Johnson
DURHAM JONES & PINEGAR
Attorneys for Trustee

# CERTIFICATE OF SERVICE

**By Notice Of Electronic Filing (CM/ECF)**

I hereby certify that on 2nd day of April, 2013, I electronically filed the foregoing **NOTICE OF TRUSTEE'S INTENTION TO ABANDON PROPERTY OF THE ESTATE, OPPORTUNITY FOR OBJECTION AND NOTICE OF HEARING** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- Duane H. Gillman tr dhgnotice@djplaw.com, ut02@ecfcbis.com
- Patrick E Johnson pjohnson@djplaw.com
- John T. Morgan tr john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov
- David C. West tr davewest@infowest.com, ut14@ecfcbis.com

**By U.S. Mail** – Regular first class United States mail, postage fully prepaid

I hereby certify that on 2nd day of April, 2013, I caused to be served a true and correct copy of the foregoing **Affidavit of Real Estate Agent** as follows:

Kenneth R. Anderson
825 North 800 East
Hurricane, UT 84737

Dan Mincher
The Vollman Company, Inc.
1900 Point West Way #161
Sacramento, CA 95815

　　　　　　　　　　　　　　　　　　　　　*/s/ Valerie Worrall*
　　　　　　　　　　　　　　　　　　　　　Durham Jones & Pinegar